## OHIO STATE LIFE INS CO v SHARP

Ohio Appeals, 2nd Dist, Franklin Co

No 2566. Decided Sept 10, 1935

C. L. Peterson, Columbus, for plaintiff in error.

Harford A. Toland, Columbus, for defendant in error.

**OPINION**

By BODEY, J.

Several interesting questions are presented by this record. Some of these questions are as follows:

1—Did the Probate Court have general jurisdiction in these attachment proceedings?

2—Did the defendant executrices of the State of Washington enter their appearance for all purposes by filing their plea against the jurisdiction of the court over the two shares of stock in controversy?

3—In view of the allegations appearing in their answer to the effect that Certificate No. 108 was held as collateral security in the State of Washington, did the lower court have the authority to order the sale of this stock without notice being served upon said collateral holders?

4—Did the Probate Court have the power to enjoin the domicillary executrices from transferring Certificate No. 108?

No exception was taken by any of the defendants to the rulings of the court on the above questions and the same are not presented to this court by the petition in error. The sole question presented to us is whether or not the Probate Court had the power or the authority to direct The Ohio State Life Insurance Company to cancel upon its record Certificate No. 108 for two shares of its capital stock and to order the issue of a new certificate in lieu thereof. It is our view that this question may be determined by referring to the Uniform Stock Transfer Act which was passed by the Legislature of Ohio on May 31, 1911.

Sec 8673-1 GC, which is a part of that Act, provides that title to a certificate and to the shares represented thereby can be transferred in but two ways, viz: By delivery of the certificate endorsed by the person appearing to be the owner thereof, or, by delivery of the certificate with a separate document containing a written assignment or a power of attorney to sell, assign or transfer the same. The last sentence of sub-division 13 of that Act, which appears in the Code as §8673-13 GC, is as follows:

"Except where a certificate is lost or destroyed, such corporation shall not be compelled to issue a new certificate for the stock until the old certificate is surrendered to it."

In the case at bar it appears from the record that Certificate No. 108 for two shares of the capital stock of The Ohio State Life Insurance Company was in existence and was held in the State of Washington. In other words, this certificate was not lost or destroyed. It further appears that this certificate was not in the hands of the ancillary administrator who was appointed by the Probate Court of Franklin County.

It is our view that the Probate Court was without authority to order the transfer or cancellation of Certificate No. 108 herein referred to unless the original certificate was returned to The Ohio State Life Insurance Company is in accordance with the provisions of §8673-1 GC, supra. Since the record discloses that neither the Probate Court nor the administrator appointed by it could turn over to The Ohio State Life

Insurance Company Certificate No. 108, it follows that the court could not order a cancellation or transfer of that certificate. In so ordering in the proceeding below, the court committed error which was prejudicial to The Ohio State Life Insurance Company. For that reason, the judgment of the Probate Court is reversed. Exceptions.

HORNBECK, J, concurs.

BARNES, PJ, concurs in judgment on the ground that the Probate Court does not have general jurisdiction to issue attachment, and the pleadings do not set out the necessary facts to invoke §10501-23 GC.

## ON APPLICATION FOR REHEARING

### Decided Sept 24, 1935

By BODEY, J.

This matter is now submitted on an application for rehearing. It is contended by the defendant in error that by virtue of §10501-23 GC the Probate Court has ample authority to issue writs of attachment and garnishment, and that having done so in this case its action is final and conclusive. It is the judgment of this court that no action taken by the lower court could be final and conclusive insofar as certificates of stock were concerned unless provision was made to surrender the old certificate in case a new certificate was ordered to be issued by the court. One member of the court, as will appear from the original decision, concurred in the judgment on the ground that the Probate Court did not have general jurisdiction to issue attachment and that the pleadings did not set out the necessary facts to invoke the provisions of the section above referred to. It was the view of the remaining two members of the court that the question of the jurisdiction of the Probate Court to issue a writ of attachment was not before it, due to the fact that no exception was taken by any of the parties to the proceeding below until the last journal entry was filed. The membership of the court adheres to its former views expressed in the original opinion, it being the view of the two members that no order of the Probate Court in this attachment proceeding could be final and conclusive unless and until provision was made for the return of the old certificate of stock to The Ohio State Life Insurance Company, and of the other that the court did not have jurisdiction in attachment.

Reference is made by counsel to the provisions of §§8673-14 and 8673-18 GC. Under the former section,

"A creditor whose debtor is the owner of a certificate shall be entitled to such aid from courts of appropriate jurisdiction, by injunction and otherwise, in attaching such certificate or in satisfying the claim by means thereof as is allowed at law or in equity, in regard to property which can not readily be attached or levied upon by ordinary legal process."

We have no quarrel with the privileges which are granted to a creditor by the provisions of this section. We agree that the courts should be open to a creditor and that such aid should be given him by injunction and otherwise as will secure to him those rights to which he is entitled. However, in granting to a creditor aid by injunction, the court must be equally careful to preserve and guard the rights of other persons or corporations. The major complaint in this entire proceeding is that the Ohio State Life Insurance Company was ordered to issue a new certificate of stock for two shares while no provision was made by the court to protect it against the attempted surrender of the old certificate. Until the plaintiff in error was properly protected by an order of court it should not be forced to issue a new certificate of stock. §8673-18 GC, supra, covers those cases which are not provided for by the uniform stock transfer act. In our judgment this case is covered by the act and does not come within the exceptions set forth in this section. For that reason the latter quoted section could not apply.

It is also contended that an order of garnishment was issued and served by the sheriff upon The Ohio State Life Insurance Company in addition to the writ of attachment which was issued. We do not understand that the issue of a writ of garnishment or its service upon this insurance company would make the facts any stronger than if a writ of attachment alone was issued. The record discloses that the garnishee answered and that it stated that it did not have in its possession any property or choses in action of the decedent Alma Babb. This answer of the garnishee was not disputed and no issue was raised thereon. In our view of the case no additional rights accrued to the plaintiff below by virtue of the issue of this writ of garnishment.

When the case was originally submitted, the court gave to it a thorough and careful

examination. It was the unanimous opinion of the court that the judgment of the Probate Court should be reversed upon the record and to that view the several members of the court adhere. Accordingly the application for rehearing is denied.

BARNES, PJ, and HORNBECK, J, concur.